IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:11-cv-14235-KMM

KENNETH WILSON MAGIELSKI,

    Plaintiff,

vs.

SHERIFF OF ST. LUCIE COUNTY, KEN J. MASCARA,
a Political Subdivision of the State of Florida, RIGOBERTO
IGLESIAS, individually, CLINTON WILLIAMS, individually,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Amended Complaint (ECF No. 12). Plaintiff did not file a Response. The Motion is now ripe for review. UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

I.    **BACKGROUND**[1]

This dispute involves alleged police-on-police brutality. On April 30, 2007, Plaintiff Kenneth Wilson Magielski, an off-duty police officer, was watching a St. Lucie Mets minor league baseball game at Digital Domain Stadium in Port Saint Lucie, Florida. According to Plaintiff, while seated in his assigned seat, he was approached by Defendant Rigoberto Iglesias, a fellow off-duty police officer who was working a detail for the St. Lucie Mets, and asked to leave the stadium immediately. Plaintiff responded "Whatever, boss" and then left the stadium

---

[1] The facts herein are taken from Plaintiff's Amended Complaint (ECF No. 10). All facts are construed in a light most favorable to Plaintiff.

1

and attempted to return to his vehicle. Outside of the stadium, it is unclear from the Complaint what occurred next,[2] but what is clear is that Plaintiff soon found himself arrested, charged with Disorderly Intoxication, and transported to the St. Lucie County Sheriff's Station, where he was processed and detained.

Plaintiff claims that he was then placed in a holding cell wherein he "made [a] comment to himself." Upon hearing the comment, Defendant Clinton Williams, an on-duty officer, allegedly entered the holding cell, choked Plaintiff, and according to Plaintiff, unlawfully "beat the hell" out of him.

On August 25, 2011, Plaintiff filed his First Amended Complaint (ECF No. 10) against Defendants Iglesias and Williams, and Defendant Sheriff Ken J. Mascara, a Political Subdivision of the State of Florida. The Complaint alleges false arrest and false imprisonment (Count I); "Excessive Force and Assault and Battery" (Count II); "Employer of DEFENDANT Iglesias," which appears to be made pursuant to 42 U.S.C. § 1983 for the alleged violation of Plaintiff's federal civil rights (Count III); and a fourth claim that, pursuant to 42 U.S.C. § 1983, appears to allege that Defendant Sheriff is liable for a departmental policy that ratifies and/or condones a "Pattern of Improper Conduct" (Count IV). On September 6, 2011, Defendant Sheriff Ken J. Mascara filed a Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint.

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765

---

[2] Plaintiff claims that once outside the stadium, Defendants believed he was "screaming profanities." Though Plaintiff does not deny this in his Complaint, Plaintiff states that he then explained to Defendants that he had merely been on a long distance call with his sister and that he was an off-duty police officer.

2

(11th Cir. 1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Grp., Inc., 835 F.2d 270, 272 (11th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" Id. at 1950. A complaint must also contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). However, "[a] pleading that offers 'a formulaic recitation of elements of a cause of action will not do.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

### III. ANALYSIS

#### A. Count II

Defendant claims that although Count II is titled "Excessive Force and Assault and Battery," the actual language of the Count "appears to attempt to bring a state claim for Intentional Infliction of Emotional Distress." Def.'s Mot. to Dismiss at 3. Defendant asserts that it is impermissible to bring a claim for intentional infliction of emotional distress ("IIED") against a governmental entity. Id. Defendant is correct that Count II of Plaintiff's Amended Complaint is actually a claim for IIED. Count II begins in part, "PLAINTIFF, KENNETH WILSON MAGIELSKI, sues the DEFENDANT, THE SHERRIFF [sic] OF ST. LUCIE

3

COUNTY, a political subdivision of the State of Florida for *intentional infliction of emotional distress*." Pl.'s Am. Compl. at ¶ 28 (emphasis added). Thus, the only issue before the Court with respect to Count II is whether the doctrine of sovereign immunity bars Plaintiff's claim for IIED.

Florida "for itself and for its agencies or subdivisions" has waived sovereign immunity for tort liability. See Fla. Stat. § 768.28(1) (2011). This waiver, however, is subject to certain exceptions and limitations. Id. One of these exceptions dictates that the state or its subdivisions

> shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Id. § 768.28(9)(a). Courts have held that the "intentional or reckless" requirement to an IIED claim[3] "would at least constitute willful and wanton conduct" under § 768.28(9)(a). Williams v. City of Minneola, 619 So. 2d 983, 986 (Fla. 5th DCA 1993); see also Perez v. City of Miami, 2011 WL 772858, at *2 (S.D. Fla. Feb 28, 2011). Thus, sovereign immunity bars IIED claims against the state or its subdivisions, and because Plaintiff's IIED claim is levied against a political subdivision of the State of Florida, Count II of Plaintiff's Amended Complaint does not state a claim for which relief may be granted. Consequently, Count II of Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE.

---

[3] A claim for Intentional Infliction of Emotional Distress ("IIED") consists of the following elements: "(1) the wrongdoer's conduct was intentional or reckless; . . . (2) the conduct was outrageous; that is, as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." Williams v. City of Minneola, 619 So. 2d 983, 986 (Fla. 5th DCA 1993); see also Hart v. U.S., 894 F.2d 1539, 1548 (11th Cir. 1990) (citing Metro. Life Ins. Co. v. McCarson, 467 So. 2d 277, 278 (Fla. 1985)).

4

### B. Count III

It is well established that a municipality cannot be held liable under 42 U.S.C. § 1983 on a respondeat superior theory. See <u>Monell v. Dep't of Soc. Serv.</u>, 436 U.S. 658 (1978); <u>Brown v. Smith</u>, 813 F.2d 1187 (11th Cir. 1987). Municipalities can, however, be held liable under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." <u>Monell</u>, 436 U.S. at 690.

Defendant argues that Count III of Plaintiff's Amended Complaint, "Employer of DEFENDANT Iglesias," which appears to be made pursuant to 42 U.S.C. § 1983 for the alleged violation of Plaintiff's federal civil rights, fails to state a claim upon which relief may be granted. Specifically, Defendant contends that Count III of Plaintiff's Amended Complaint fails to identify any "custom, policy, practice or procedure of the Defendant Sheriff which caused Plaintiff's constitutional rights to be violated." Def.'s Mot. to Dismiss at 3. A review of Count III of Plaintiff's Amended Complaint reveals no allegation of a custom, practice, or procedure of Defendant Sheriff which caused the alleged unconstitutional action for which Plaintiff seeks relief. Consequently, Count III of Plaintiff's Amended Complaint is DISMISSED.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint (ECF No. 12) is GRANTED. It is further

ORDERED AND ADJUDGED that Count II of Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE. It is further

ORDERED AND ADJUDGED that Count III of Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff has leave to file an Amended Complaint within ten (10) days from the date of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of October, 2011.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record