## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 2:11-cv-14235-KMM

KENNETH WILSON MAGIELSKI,

        Plaintiff,

vs.

SHERIFF OF ST. LUCIE COUNTY,
KEN J. MASCARA, a Political Subdivision
of the State of Florida; RIGOBERTO IGLESIAS,
individually; and CLINTON WILLIAMS,
individually,

        Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendants' Motion for Summary Judgment (ECF No. 24). Plaintiff has failed to file a Response.[1] Local Rule 7.5(d) provides that "[a]ll material facts set forth in the movant's statement filed and supported as required . . . will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." Mindful of Local Rule 7.5(d), and upon consideration of Defendants' Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

## I.  BACKGROUND[2]

On April 30, 2007, Plaintiff Kenneth Wilson Magielski, an off-duty police officer, was watching a St. Lucie Mets minor league baseball game at Digital Domain Stadium in Port Saint

---

[1] Plaintiff failed to file a Response to Defendants' Motions to Dismiss (ECF Nos. 11, 12) and Defendants' Motion for a More Definite Statement (ECF No. 20).

[2] The facts herein are taken from Plaintiff's Second Amended Complaint (ECF No. 19) and Defendants' Motion for Summary Judgment (ECF No. 24). All facts are construed in the light most favorable to Plaintiff.

Lucie, Florida. While watching the game, Magielski had been drinking alcohol out of a cup that he brought to the game. At some point, management of the stadium reported to Defendant Rigoberto Iglesias, a fellow off-duty police officer who was working a detail for the St. Lucie Mets, that Magielski was screaming obscenities. In response to management's complaint, Officer Iglesias and another off-duty officer approached Magielski and asked him to leave the stadium. Magielski repeatedly questioned the officers as to the reason he was being asked to leave, and used obscene language while talking with the officers. Magielski finally left the stadium. Further confrontation with the officers ensued in the parking lot, and Magielski was subsequently arrested and charged with Disorderly Intoxication.

Magielski was transported to the St. Lucie County Jail, where he was processed by Defendant Clinton Williams, a corrections officer. Upon being told by Williams to enter a jail cell, Magielski used profane language and threw his work boots to the ground in the cell. Williams then restrained Magielski to maintain order and security within St. Lucie County Jail.

On August 25, 2011, Magielski filed his First Amended Complaint (ECF No. 10) against Defendants Iglesias and Williams, and Defendant Sheriff Ken J. Mascara, a Political Subdivision of the State of Florida. After the Complaint was dismissed without prejudice pursuant to this Court's Orders (ECF Nos. 16, 17), Magielski filed a Second Amended Complaint (ECF No. 19). On December 29, 2011 Defendants filed a Motion for Summary Judgment.

## II.    LEGAL STANDARD

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Moreover, "A party must support its assertion that there is no genuine issue of material fact by 'citing to particular parts of materials in the record, including depositions, documents,

2

electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials.'" Ritchey v. S. Nuclear Operating Co., No. 10-11962, 2011 WL 1490358, at *1 (11th Cir. Apr. 20, 2011) (quoting Fed. R. Civ. P. 56(c)(1)). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## III.   ANALYSIS

Magielski's Second Amended Complaint alleges false arrest and false imprisonment (Count I); "Violation of Constitutional Rights by an Individual" (Counts II–III); "Negligent Hiring and Supervision of Defendant Deputy Williams by Defendant Sheriff" (Count IV); "Negligent Supervision against St. Lucie County Sheriff Ken J. Mascara" (Count V); and "Against Sheriff because it has a Policy and Custom of Encouraging, Tolerating, Permitting, and Ratifying a Pattern of Improper Conduct of its Office's Employees of Which it Knew or Should Have Known" (Count VI). This Court takes up an analysis of each Count in turn.

### A.   Count I

Count I of Magielski's Second Amended Complaint states that "PLAINTIFF sues Sherriff of St. Lucie County for false arrest and for false imprisonment." Pl.'s Second Am. Compl., at 4 (ECF No. 19). As the Complaint is confusingly drafted, it is unclear whether

3

Magielski's claim for false arrest and false imprisonment is made pursuant to 42 U.S.C. § 1983 or state law. To succeed on a § 1983 claim for false arrest, the plaintiff has the burden of proving that there was no probable cause for the arrest. See Rankin v. Evans, 133 F.3d 1425, 1436 (11th Cir.), cert. denied, 525 U.S. 823 (1998). The existence of probable cause, however, operates as an affirmative defense to a claim of false arrest under Florida state law. Id. Probable cause exists when "'the facts and circumstances *within the officer's knowledge*, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" Id. at 1435 (quoting Williamson v. Mills, 65 F.3d 155, 158 (11th Cir.1995)) (emphasis added).[3] "When the facts are not in dispute, whether probable cause existed is a question of law, and summary judgment is appropriate." Marx v. Gumbinner, 905 F.2d 1503, 1507 (11th Cir. 1990).

Here, Magielski was arrested for disorderly intoxication. Florida Statutes § 856.011 governs the crime of disorderly intoxication, and provides that:

> (1) No person in the state shall be intoxicated and endanger the safety of another person or property, and no person in the state shall be intoxicated or drink any alcoholic beverage in a public place or in or upon any public conveyance and cause a public disturbance.

Id. It is uncontroverted fact that Magielski was consuming large quantities of alcohol immediately prior to his arrest. Defs' Mot. for Summ. J., Ex. 4, at 3, 19–20 (ECF No. 24-4). Officer Iglesias was informed by management that Magielski was screaming obscenities,[4] and Magielski proceeded to use profanities when speaking with Officer Iglesias. Defs' Mot. for Summ. J., Ex. 2, at 2 (ECF No. 24-2). Additionally, Magielski "screamed" profanities in the

---

[3] "The standard for determining whether probable cause exists is the same under Florida and federal law." Rankin v. Evans, 133 F.3d 1425, 1435 (11th Cir.), cert. denied, 525 U.S. 823 (1998).

[4] Whether Magielski was actually screaming obscenities prior to Officer Iglesias' arrival is of no relevance to the instant analysis.

presence of "men, women, and children" attending the game.  Id.  In light of these facts, no rational trier of fact could find that there was not probable cause to arrest Magielski pursuant to Florida Statutes § 856.011.  Thus, summary judgment is awarded in favor of Defendants as to Count I of Magielski's Second Amended Complaint.

B.    Count II

Count II of Magielski's Second Amended Complaint is titled "Violation of Constitutional Rights by an Individual."  Pl.'s Second Am. Compl., at 6.  The substance of Count II, however, is identical to Count II of Plaintiff's Amended Complaint, which was dismissed *with prejudice* by this Court in an Order dated October 26, 2011.[5]  Consequently, the claim is barred and this Court will devote no further time to analyzing the claim.

C.    Count III

Count III of Magielski's Second Amended Complaint is titled "Violation of Constitutional Rights by an Individual" and appears to alternate between a claim for false arrest and false imprisonment pursuant to 42 U.S.C. § 1983, and a claim for excessive use of force, also made pursuant to 42 U.S.C. § 1983.  Pl.'s Second Am. Compl., at 8.  To the extent that Count III alleges a § 1983 claim for false arrest and false imprisonment, summary judgment is awarded in favor of Defendants for the reasons articulated in this Court's analysis of Count I.

As for Magielski's claim of excessive force, "Government action, including the use of force by prison guards, will only violate substantive due process rights under the Fourteenth Amendment when it is so egregious that it shocks the conscience."  Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007). This standard "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very

---

[5] See Order Granting Defendant's Motion to Dismiss Plaintiff's Amended Complaint, at 4 (ECF No. 17) (holding that sovereign immunity bars intentional infliction of emotional distress claims against the state of Florida or its subdivisions).

purpose of causing harm.'" Id. (quoting Whitley v. Albers, 475 U.S. 312, 320–21 (1986)). Prison officials are to be afforded a great deal of deference, and "unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury." Whitley, 475 U.S. at 322.

Here, it is undisputed that Magielski was being detained for disorderly intoxication and that upon being told by Williams to enter a jail cell, Magielski used profane language, and threw his work boots to the ground in the cell. Defs' Mot. for Summ. J., Ex. 4, at 23. It is clear that Williams' use of force was not arbitrary, malicious, or sadistic, and was employed "in order to gain control." Defs' Mot. for Summ. J., Ex. 3, at 2 (ECF No. 24-3). Thus, to the extent that Count III alleges a § 1983 claim for excessive use of force, summary judgment is awarded in favor of Defendants.

D. Counts IV–V

Counts IV–V of Magielski's Second Amended Complaint are for "Negligent Supervision and Hiring" (Count IV) and "Negligent Supervision" (Count V). The Record reveals that all officers employed by the St. Lucie County Sherriff's Office are sworn certified law enforcement officers in accordance with applicable Florida law, and that all officers receive in-service training every year in excess of statutory requirements. Defs' Mot. for Summ. J., Ex. 5, at 1–3 (ECF No. 24-5). All officers are trained in the need for probable cause to effectuate a lawful arrest. Id. All officers are also trained that they "are only authorized to use that amount of force which is reasonable and necessary under the circumstances and are otherwise not authorized to use excessive or unnecessary force." Id. at 2. Magielski does not dispute these facts. Moreover, the only basis for Magielski's claims for negligent hiring and supervision are rooted in his claims for unlawful arrest and excessive use of force, for which summary judgment has been granted in

6

favor of Defendants.  Consequently, no rational trier of fact could find for Magielski on Counts IV–V and summary judgment is awarded in favor of Defendants.

### E.    Count VI

Count VI of Magielski's Second Amended Complaint is titled "Against Sheriff Because It Has a Policy and Custom of Encouraging, Tolerating, Permitting and Ratifying a Pattern of Improper Conduct of its Office's Employees of Which It Knew or Should Have Known."  Pl.'s Second Am. Compl., at 12.  It is well established that a municipality cannot be held liable under 42 U.S.C. § 1983 on a respondeat superior theory.  See Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978); Brown v. Smith, 813 F.2d 1187 (11th Cir. 1987).  Municipalities can, however, be held liable under § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690.

The only support for Magielski's claim is a statement allegedly made by Officer Williams.  According to Magielski, Officer Williams taunted him by stating that there was a policy that "does not allow skumbags [sic] to get away with anything here."  Pl.'s Second Am. Compl., at 13.  Magielski's claim fails for several reasons.  First, the "underlying action that is alleged to be unconstitutional" has already been determined to be constitutional.  See supra Part III.A–C.  Second, Williams' alleged statement at most affirms a zero-tolerance policy relating to rule-breaking by inmates.  So long as the underlying rules are constitutional—something that has not been disputed—there is nothing unconstitutional about a policy that requires Officers to enforce the rules at all times.  Thus, because the existence of a mere scintilla of evidence in support of a claim is insufficient for that claim to proceed to trial, summary judgment is awarded in favor of Defendants.

## IV.    CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment (ECF No. 24) is GRANTED.  It is further

ORDERED AND ADJUDGED that Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE.  The Clerk of the Court is instructed to CLOSE this case.  All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th day of January, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record